UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HENRY GREEN ,**<br><br>               **Plaintiff,**<br><br>         v.<br><br>**DRUG ENFORCEMENT ADMINISTRATION,** *et al.***,**<br><br>               **Defendants.** | Civil Action 03-2268  (HHK) |

MEMORANDUM OPINION

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff challenges the responses to his requests for records about himself maintained by the Internal Revenue Service ("IRS") and the following Department of Justice components: the Drug Enforcement Administration ("DEA"), the Federal Bureau of Prisons ("BOP"), the United States Marshals Service ("USMS"), the Executive Office for United States Attorneys ("EOUSA"), the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATFE"), and the Federal Bureau of Investigation ("FBI").  By Order of September 28, 2005, the Court dismissed the claims against all defendants except the FBI.  Presently, before the Court is the FBI's motion for summary judgment.  By Order of November 21, 2005, plaintiff was advised about his obligation to respond to the FBI's motion by December 30, 2005.  Plaintiff has not filed a response or sought additional time to do so.  The Court will proceed on the motion before it.

In determining a motion for summary judgment, "the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is

controverted in a statement of genuine issues filed in opposition to the motion." Local Civil Rule 7(h). The Court therefore treats the FBI's factual assertions as admitted.

Summary judgment is appropriate when there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In a FOIA action, the Court may award summary judgment solely on the information provided in affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

It is undisputed that the FBI released 118 pages of responsive records to plaintiff by letter dated November 17, 2004, and assessed a fee to cover duplication costs "for the remainder of the release." Defendant's Statement of Material Facts Not in Genuine Dispute ¶ ii. It is also undisputed that plaintiff did not exhaust his administrative remedies by paying the assessed fee. *Id*. ¶¶ iii-iv. The payment or waiver of assessed fees or an administrative appeal from the denial of a fee waiver request is a condition precedent to filing a FOIA claim in the district court. *Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 65-67 (D.C. Cir. 1990); *Trueblood v. U.S. Department of Treasury, I.R.S.*, 943 F. Supp. 64, 68 (D.D.C. 1996) (*citing Pollack v. Department of Justice*, 49 F.3d 115, 120 (4th Cir.), *cert. denied*, 518 U.S. 1032 (1995)); *see also accord Judicial Watch, Inc. v. F.B.I.*, 190 F. Supp.2d 29, 33 (D.D.C. 2002). In the absence of any evidence of plaintiff's exhaustion of administrative remedies, the FBI is entitled to judgment as a matter of law. A separate Order dismissing the case accompanies this Memorandum Opinion.

```
                            _____s/s_____
                            Henry H. Kennedy, Jr.
Date: March 29, 2006        United States District Judge
```